## SAM CALLOWAY V. STATE.

### No. 24961. November 15, 1950.

*C. L. Harris,* and (counsel on appeal only) *Boling, Smith & Allen,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws in Lubbock County, and by a jury fined $500.00 and awarded a term of six months in the county jail. He appeals.

On the date in question the appellant was driving recklessly in the city of Lubbock and was thus observed by two policemen running through red lights. He finally abandoned his car and entered a building back of a service station carrying a sack in his hand. When he got out of his car the back seat thereof was up. Appellant entered the building with a paper sack in his left hand which appeared to have something in it. An officer followed appellant into this building and saw him lay this paper sack on a coil of garden hose. The officer looked inside of the sack and found a bottle of whisky therein. The officers then arrested appellant and took him and the sack of whisky to the police station. Both the sack and the whisky bottle were offered in evidence and identified upon the trial.

One of the appellant's witnesses testified that this whisky belonged to him and was purchased by him in Dallas; that he placed same on this coil of hose, intending to go back for the same, but the officers took it away when they arrested the appellant. The jury failed to give credence to such testimony.

Appellant's Bill of Exceptions No. 1 relative to a peremptory instruction in his favor is without merit and is overruled.

Bill of Exceptions No. 2 is multifarious, it containing objections to the testimony of three different witnesses as to three separate transactions.

Bill No. 3 complains because the county attorney made the statement in the presence of the jury as follows:

"In this connection, the record shows that the preceding witness testified that Tiny told him on that occasion that Sam Calloway was bootlegging."

This statement of the county attorney was objected to and the court was asked to instruct the jury not to consider the same. Such was contended to be an incorrect statement, and was an indirect attack upon appellant, whose reputation had not been placed in the record. This was also an improper statement, not borne out by the record, and might have had some influence upon the jury in their verdict herein. The trial court refused to instruct the jury to disregard the same, and we think he fell into error which requires a reversal of this cause.

The judgment will therefore be reversed and the cause remanded.